petitioners was not sufficient to show there was no change in values. Lazansky, P. J., Hagarty and Carswell, JJ., concur; Tompkins, J., with whom Young, J., concurs, dissents and votes for reversal, with the following memorandum: The petition alleges that certiorari proceedings in 1933 resulted in a final judgment reducing, by forty per cent, the assessments of the petitioners for that tax year. That allegation of the petition is not denied by the return. It seems to me, therefore, that to avoid the rule of *res adjudicata* it was incumbent on the assessors to plead and prove that the petitioners' properties, by reason of improvements, new construction or physical changes, had materially increased in value since the said judgment was entered. There is no such allegation in the answer, nor was there any such proof offered at the trial. Even assuming that the burden of proof as to that matter rests upon the petitioners, there is in the record uncontradicted evidence that there was no appreciable change in the values of the petitioners' properties. The real estate expert, Robinson, testified that that was his opinion. He said he knew all the properties in question and had seen the buildings and homes of the petitioners from time to time during 1932 and 1933, but had seen no evidence of any construction work or improvement that would have increased their assessable value. This testimony was not contradicted. The evidence of the expert in real estate values in that community is sufficient to support the petitioners' claim that there has been no material change in the value of their properties since the entry of the judgment of 1933; nor is there any contradiction of his testimony that there has been no appreciable change or difference in the general values of real estate in the village since such judgment. The fact that the judgment was entered by consent is not, in my opinion, material. The proceeding was brought against the " officers making the assessment," as provided by section 291 of the Tax Law. The members of the board of trustees of the village were not necessary parties, and in my opinion the assessors had a right to compromise the proceeding and bind the village by their stipulation. It seems to me unreasonable and unjust that owners who have had the assessable values of their properties fixed by a final judgment should be required, the year following the entry of said judgment, to institute and prosecute a new proceeding where there has been no material change in the condition or value of their properties. I favor a reversal of the order under review and a determination that the judgment respecting the 1933 assessments is *res adjudicata* in this proceeding.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUTH FELDMAN, Appellant, v. JEROME I. FELDMAN, Respondent.— Order dismissing writ of habeas corpus and fixing times for petitioner's visitations to the child at respondent's home affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.

MAURICE I. SHAPIRO, Respondent, v. RICHARD H. SCOTT and Another, Appellants.—Appeal dismissed, the action having been settled. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

NICHOLAS SICHENZIA, Respondent, v. THOMAS DeSIMONE, Appellant, and MICHAEL AJELLO, Defendant.— In an action for money loaned, judgment for the plaintiff and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

THE BROOKLYN SAVINGS BANK, Plaintiff, Appellant, v. ANN-GOLD REALTY CORPORATION, Respondent; MORTIMER STEINFELS, Receiver, Appellant.— Motion for